UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-10-089-N-EJL |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL GEORGE FITZPATRICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court in the above-entitled matter are Defendant's Motion for Discovery, Motion to Dismiss for Lack of Jurisdiction, and Motion to Dismiss for Failure to Prosecute.[1] The Government has filed responses to certain of the Motions and, in light of the impending trial date, the Court issues this ruling on the Motions expeditiously. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without

_____

[1] The Court notes that the deadline for filing pretrial motions has long since passed (Dkt. 43) which the Court made known to the Defendant at the hearing on August 13, 2012. (Dkt. 57.)

1

oral argument. *See United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008) (holding the district court did not err in not holding a hearing on the frivolous motions contesting the court's jurisdiction).

## DISCUSSION

### 1.    Motion for Discovery

Defendant requests that the Government provide to him discovery of its evidence concerning particular witnesses and issues. (Dkt. 72.) In response, the Government opposes the Motion noting it has continuously provided discovery to the defense and has recently filed several documents which significantly narrow the scope of the evidence that will be presented at trial. (Dkt. 82.) Essentially the Government's position is that it has satisfied its discovery obligations. The Court has reviewed the Defendant's Motion, the Government's response, and the record herein and agrees that based on the representations made by the Government that it has complied with the discovery requirements. Accordingly, the Motion is denied.

### 2.    Motion to Dismiss for Lack of Jurisdiction

Defendant seeks dismissal of the Indictment in this matter challenging the Court's jurisdiction on various grounds including: no case presented, no corpus delicti, the indictment is unfit for adjudication, and no evidence of presence within the United States and laws applicable. (Dkt. 73.) Essentially, the Defendant argues there are no facts pled, alleging, or supporting the contentions that he violated any rights of the United States, prove his presence within the United States and alleged districts, and/or that the laws of the United States are

2

applicable to him. The Government maintains it has proper subject matter and personal jurisdiction in this case and that the Defendant was properly charged by Indictment. (Dkt. 81.) The Court will address each in turn.

The Court finds the Indictment filed in this case to be sufficient. Federal Rule of Criminal Procedure 7 governs the nature and contents of an indictment and requires that "[t]he indictment...shall be a plain, concise and definite written statement of the essential facts constituting the offense charged...shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge, and to enable him to plead double jeopardy. *United States v. Morlan*, 756 F.2d 1442, 1443 (9th Cir. 1985) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Two corollary purposes of an indictment are '(1) to ensure that the defendants are being prosecuted on the basis of facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment.'" *Id.* (quoting *Buckley*, 689 F.2d 893, 896 (9th Cir. 1982) (citations omitted)). "To serve each of these functions, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985) (citing *Russell v. United States*, 369 U.S. 749, 763 (1962) (citations omitted)). An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all the elements necessary to constitute the offense.

3

*United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Johnson*, 804 F.2d 1078, 1084 (9th Cir. 1986) (citations omitted). The Indictment in this case amply informs the Defendant of the charged offenses, violations of 26 U.S.C. §§ 7201 and 7203, and the facts which the Government alleges make up the charge. Additionally, the Indictment provides citation to and tracks the language of the statute and includes the elements of the charged offense.

The Indictment is fit for adjudication. "On a motion to dismiss the indictment, the allegations contained therein must be taken as true." *United States v. Bellomo*, 263 F.Supp. 2d 561, 579 (E.D. N.Y. 2003) (citing *United States v. Goldberg*, 756 F.2d 949 (2d Cir. 1985)); *United States  v. Lamb*, 150 F.Supp. 310, 312 (N.D. Cal. 1957) ("On a motion to dismiss an Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, this Court is bound to accept as true all well pleaded facts set forth in the Indictment.") (citations omitted). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.... The Court should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (citations omitted). "What the Government will be able to prove at a trial is one thing, but what is charged in the

4

Indictment is quite another.  It is only the latter with which the Court is now concerned on a motion to dismiss." *Lamb*, 150 F.Supp. at 313. Again, the Court has reviewed the Indictment filed in this case and finds it to be sufficient to state a case against the Defendant for violations of 26 U.S.C. §§ 7201 and 7203 and is fit for adjudication.

The Court has jurisdiction and the laws apply to the Defendant. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "Under 18 U.S.C. § 3231, federal courts have exclusive original jurisdiction over 'all offenses against the laws of the United States'" including offenses, as charged here, defined in Title 26 of the United States Code. *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (citation omitted). Furthermore, the Court has personal jurisdiction over the Defendant by virtue of the Defendant having been brought before this Court by way of a federal Indictment charging violations of federal laws. *Marks*, 530 F.3d at 810 (citing *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained.")).

Moreover, an individual, such as the Defendant, as well as a partnership, association, company, or corporation are considered a "person" as defined in the Internal Revenue Code and, therefore, subject to 26 U.S.C. § 7203. *Studley*, 783 F.2d at 937 (citing 26 U.S.C. § 7701(a)(1)). Under § 7203 any such "person" is obligated to file a tax return and to pay taxes. Arguments that an individual is not a "person" as defined in the statute have been consistently and thoroughly rejected. *Id*.

**3.     Motion to Dismiss for Failure to Prosecute**

Defendant argues the case should be dismissed because upon his review of all the discovery and the witness and exhibit lists, he believes the prosecution has failed or refused to disclose the facts and names of witnesses relied upon to prove the statutes and codes are applicable to him. (Dkt. 80.) Specifically, that the Government has failed to present any facts showing the constitution and codes apply to him, an essential element of the crimes. For the same reasons discussed above, these arguments are without merit and denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1.     Defendant's Motion for Discovery (Dkt. 72) is **DENIED**.

2.     Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. 73) is **DENIED**.

3.     Defendant's Motion to Dismiss for Lack of Prosecution (Dkt. 80) is **DENIED**.

DATED:  **September 6, 2012**

Honorable Edward J. Lodge
U. S. District Judge