UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-10-089-N-EJL |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL GEORGE FITZPATRICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

The trial in this matter commenced on September 10, 2012 with the Government calling several witnesses so far in its case-in-chief. (Dkt. 86.) The Court recessed on September 14 and 15, 2012 to take up other matters and this trial will resume on September 18, 2012. The Defendant elected not to file a witness list prior to trial waiting instead until the third day of trial to file a sealed witness list. Thereafter, on September 14, 2012 during the trial recess, the Defendant emailed the Court's Docketing Clerk and counsel for the Government indicating his intention to recall certain witnesses. (Dkt. 90 at 2.) The Court has reviewed these communications and materials and finds as follows.

**DISCUSSION**

To date, the Court has not received any Motion requesting the issuance of a subpoena

under Rule 17. To the extent the Defendant intends for these communications and filings to be such a Motion, the Court denies the same. Courts have expressly held that in order for the defendant to be entitled to the issuance of a subpoena at government expense under Rule 17(b), he or she must show to the satisfaction of the court that he is an indigent. This requirement of Rule 17 is met in this case. The remaining requirements, however, have not been satisfied.

Pursuant to the provision of Rule 17(b) of the Federal Rules of Criminal Procedure, the federal courts have held that the right of an indigent defendant to secure the attendance of witnesses at government expense is not absolute, and that the matter is one for the determination of the trial court in the exercise of its sound discretion. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980). "A motion under Rule 17(b) is addressed to the sound discretion of the trial court, and a defendant does not have an absolute right to subpoena witnesses at government expense."  *United States v. Shirley*, 884 F.2d 1130, 1132 (9th Cir. 1989) (citation omitted). The discretion vested in the trial court under Rule 17(b) is limited to the issuance of subpoenas for witnesses "named" in the application for such subpoenas; it is proper for the trial court to deny a request where the witness is not properly named. *See* Fed. Crim. R. 17(b). Here, the Defendant has named two witnesses but only referred generally to others. Further, the Defendant has not properly stated the time and place for when the potential witnesses are required to attend or otherwise completed a proper application for subpoena. *See* Fed. Crim. R. 17(a).

Moreover, in order for the Defendant to be entitled to the issuance of a subpoena at

Case 2:10-cr-00089-EJL   Document 91   Filed 09/17/12   Page 3 of 5


government expense under Rule 17(b), he must show to the satisfaction of the court that the presence of the witness sought to be subpoenaed is necessary to an adequate defense. *See* Fed. Crim. R. 17(b). Stated differently, that the evidence sought to be produced through the testimony of the witnesses is necessary to an adequate defense. Factors determinative of necessity include: the relevancy, materiality, competency, or usefulness of the evidence sought to be presented through the testimony of the proposed witness, as well as whether such evidence is merely cumulative of the other evidence in the case. *See e.g. Sims*, 637 F.2d at 629; *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984); *United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000). The Defendant has not shown how any of the potential witnesses indicated in his communications and filing are necessary to an adequate defense. This is particularly true given the nature of the defense raised thus far in the case and it appears to be one that has been routinely rejected by courts; that the Defendant is not a "person" as defined in the IRS Code. *See United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (citation omitted).

Finally, the request for subpoena's at this stage of the case is untimely. Denial of a defendant's request for the appearance of a witness under Rule 17(b) of the Federal Rules of Criminal Procedure is proper where there was an unjustifiable delay in making the request for a subpoena. *See United States v. Jones*, 487 F.2d 676, 679 (9th Cir. 1973) (holding that the district court did not abuse its discretion by denying a request made on the final day of trial when that request could have been made earlier); *Sims*, 637 F.2d at 629. Here, the trial has been proceeding for four days and the Defendant has yet to actually file a motion or

3

application requesting the issuance of a subpoena of the witnesses he intends to call in this matter. Moreover, as noted in the Government's Memorandum in Opposition, certain of the witnesses it appears the Defendant may seek to call have been excused with no objection from the Defendant and are located out of state making it impossible at this late date for the witnesses to be serve and appear at trial without a continuance or delay in the trial. (Dkt. 90.)

For all of these reasons, the Court concludes that any request for issuance of a subpoena at this stage in the case must be denied. In reaching this conclusion the Court is aware of the right of an indigent criminal defendant to subpoena witnesses under not only Rule 17(b) but also the Sixth Amendment right to compulsory process and the Fifth Amendment right to due process of law. *See Sims*, 637 F.2d at 629. The Court has afforded the Defendant the rights he is entitled to under the constitution in this matter and those to which he has properly availed himself to. In particular, the Court notes that at the hearing where the Defendant elected to represent himself in this case, the Court made clear to the Defendant that he would be subject to the same procedural requirements as any other party before it. (Dkt. 57.)[1] To further ensure the Defendant's rights were protected in this case, the Court appointed standby counsel to assist the Defendant in pursuing his defense in this case. Thus, the Defendant has had every opportunity to request subpoenas in order to ensure the witnesses he desires to question appear at trial. He simply failed to properly and timely request such subpoenas.

---

[1] The Procedural Order in this case, General Order 242, strongly encouraged the parties to exchange witness lists prior to trial. (Dkt. 10.) Furthermore, the Court again encouraged the parties to file witness and exhibit lists during the pretrial status conference on August 27, 2012. (Dkt. 71.)

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that to the extent the Defendant is requesting the issuance of subpoenas in this matter, the Court denies the same.

The Clerk of the Court is directed to serve this Order to the Defendant directly and also to serve this Order upon the Federal Defender's Office of Eastern Washington and Idaho, Andrea K. George, Executive Director, for purposes of having standby counsel provide this Order to the Defendant.

DATED:  **September 17, 2012**

Honorable Edward J. Lodge
U. S. District Judge