Michael George Fitzpatrick
217 Cedar st. #118
Sandpoint, Idaho
C/o Non-Domestic

U.S COURTS

OCT 0 2 2012

Rcvd_____Filed_____Time 9:28
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

United States District Court
District of Idaho

"UNITED STATES"  ) CR-10-0089-N-EJL
)
    Petitioner, )
vs. ) **Motion for judgment not withstanding verdict**
)
Michael George Fitzpatrick, )
    defendant )
)

    Now Comes Michael George Fitzpatrick, who, notwithstanding Lori Hendrickson's lack of facts proving jurisdiction, requests judgment notwithstanding the verdict. While the entire matter should be kicked for a lack of jurisdiction, the verdict is not supported by facts and judge Lodge made numerous reversible errors.

    1. <u>Sufficient facts not plead nor disclosed proving jurisdiction</u>. This is not just the sufficiency of the indictment, but whether there is sufficient evidence to justify a trial. Ms. Hendrickson bears the burden of proof, to prove with facts, not opinions, judge Lodge has jurisdiction. She failed to present any facts during pretrial and none of the twenty-eight witnesses offered any facts.

    In his pretrial order, judge Lodge based his opinion exclusively on the indictment and other judges' opinions, see 6 September 2012 order at page five. It's self evident opinions based only on opinions and allegations are arbitrary and insufficient to prove jurisdiction. To borrow a phrase; it's turtles all the way down and it should be rejected as a legal standard:

> "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993)."

> "By going outside the evidence, the prosecutor "violated a fundamental rule, known to every lawyer, that argument is limited to the facts in evidence." United States ex rel. Shaw v. De Robertis, 755 F.2d 1279, 1281 (7th Cir.1985)." United States v. Fearns, 501 F.2d 486, 489 (7th Cir.1974) UNITED STATES of America, Plaintiff-Appellee, v. Norman Harrington WILSON, a/k/a Stormin Norman, Defendant-Appellant. UNITED STATES of America, Plaintiff-Appellee, v. William David WILSON, a/k/a Pudgie, Defendant-Appellant. UNITED STATES of America, Plaintiff-Appellee, v. William Correy TALLEY, a/k/a Rat Rat, Defendant-Appellant. United States v. Handman, 447 F.2d 853, 856 (7th Cir. 1971); see United States v. Jackson, 485 F.2d 300, 303 (7th Cir. 1973); United States v. Grooms, 454 F.2d 1308, 1312 (7th Cir. 1972).

Here not only did Ms. Hendrickson go outside evidence, judge Lodge did also; at best it was an appeal to authority (a popular logical fallacy), not the facts. Unless opinions and allegations are now equivalent to facts, there is no evidence of jurisdiction.

At the start of the trial, judge Lodge refused any discussion on the facts proving jurisdiction. Judge Lodge rejected every objection based on facts proving the code was applicable and offered no grounds, instead always stating: "the record speaks for itself". There was no record of legal grounds because judge Lodge never disclosed any.

2. <u>Judge Lodge did not presume innocence</u>. Judge Lodge refused to presume me innocent and that made a fair trial impossible, it affected all of his rulings.

In his 6 September 2012 order, judge Lodge presumed the laws of the plaintiff state apply. The applicability of those laws are an essential element of the alleged violations. By assuming the laws are applicable, he did not presume me innocent of the statutory violations and relieved Ms. Hendrickson of her burden of proof. That is effectively assisting the prosecution and it can reasonably be held this aid from judge Lodge had an influence on the jury. Refusing to presume innocence led directly to judge Lodge forcing me to participate where there is no evidence of jurisdiction.

3. <u>Judge Lodge denied effective voir dire</u>. All my questions regarding the nature of the tax system were denied. Each question went directly to bias and prejudice the jury would have.

> "There we concluded that, in a criminal prosecution, denial on voir dire of the right to pose questions such as that here proffered ["defendant's right on voir dire to disclose prejudices resulting from prospective jurors' experiences as victims of crimes similar to that for which

the defendant stands trial"] constitutes reversible error. See United States v. Poole (Appeal of Finkley), 450 F.2d 1082." U.S. v. James Poole et al. Appeal of Willie Thomas, 450 F.2d 1084.

"Denial of proper question during voir dire is always reversible error and will not be subject to harm analysis. Penry v. State (Cr.App. 1995) 903 S.W.2d 715, rehearing overruled , certiorari denied 116 S.Ct. 480, 516 U.S. 977, 133 L.Ed.2d 408, rehearing denied 116 S.Ct. 759, 516 U.S. 1069."

"nonetheless the challenge is "one of the most important of the rights secured to the accused," Pointer v. United States, 151 U. S. 396, 151 U. S. 408. The denial or impairment of the right is reversible error without a showing of prejudice, Lewis v. United States, supra; Harrison v. United States, 163 U. S. 140; cf. Gulf, Colorado & Santa Fe R. Co. v. Shane, 157 U. S. 348." Swain v. Alabama, 380 U.S. 202 (1965)

Judge Lodge did not presume me innocent, forced my participation in an unfair trial, and committed a reversible error of such a high degree I don't have to show prejudice.

4. Judge Lodge established a pattern of refusing effective cross-examination. Every time I questioned a witness, I ask if they have facts proving the code is applicable to me and I believed I had a legitimate obligation to pay and file a return. Despite these being essential elements of the alleged violations, Judge Lodge refused to permit them. The only grounds given they are "improper questions." How questions regarding essential elements of the crimes are "improper" I don't know and judge Lodge cannot, and would not explain. The questions were relevant to two essential elements of the alleged statutory violations. Judge Lodge had no discretion to deny such cross-examination.

It is clearly a denial of effective cross-examination though: "a denial of cross-examination without waiver...would be constitutional error of the first magnitude, and no amount of showing of want of prejudice would cure it." Brookhart v. Janis, 384 U.S. 1 (1966).

5. Judge Lodge arbitrarily denied every objection. Judge Lodge permitted irrelevant and prejudicial statements from twenty-eight witnesses. None of the twenty-eight witnesses had facts the code was applicable and I believed I had a legitimate obligation to pay taxes and file returns.

Each time I objected to a witness on the basis their testimony is irrelevant to proving the code is applicable and I believed there was a legitimate obligation to pay and file returns, judge Lodge overruled the objection without explanation.

Not one witness testified to the applicability of the code and I believed there was a legitimate obligation. Judge Lodge permitted irrelevant testimony and refused any cross-examination on these two essential elements.

That is a denial of a fair trial and as stated, denial of effective cross is reversible without a showing of prejudice, Brookhart v. Janis, 384 U.S. 1 (1966).

6. <u>Judge Lodge refused to recuse or disqualify himself</u>. During trial on Wednesday September 12, 2012, I requested respondent Lodge to disqualify himself as his bias towards the prosecution was so great a fair trial is not possible. In addition to the above five points, every single objection was denied, including the admission of hearsay that had no evidentiary value to proving the elements of the crime. Judge Lodge also granted every one of Ms. Hendrickson's motions/objections.

7. <u>Verdict makes no sense; two elements not proven</u>. The two statutory violations are interconnected, the obligation to pay taxes and file returns. If the jury was not convinced beyond a reasonable doubt I thought there was a legitimate obligation to pay taxes, then it doesn't follow it was proven beyond a reasonable doubt I thought there was a legitimate obligation to file a return.

More important is the irrefutable fact Ms. Hendrickson failed to present any facts the code was applicable and I believed there was a legitimate obligation to pay taxes and file returns. Willfulness is an element of each statutory violation and not only did Ms. Hendrickson not present any facts, she actively blocked any discussion of the issues.

Proving elements of a crime are done with facts, just bringing out dozens of witnesses proves nothing when all their testimony is irrelevant. Ms. Hendrickson could have brought out all forty witnesses as planned, there still would have been no facts the code is applicable and I believed there

was a legitimate obligation, but she would have also objected to my cross-examination on those elements of the statutory violations.

<u>Relief requested</u>. Based on the foregoing, the matter should be dismissed for a lack of facts to prove jurisdiction. If not, there should be a judgment of acquittal because Ms. Hendrickson failed to prove jurisdiction and two elements of the alleged statutory violations.


Submitted this 02 day of Oct. 2012,

_____
Michael George Fitzpatrick