WENDY J. OLSON, IDAHO BAR NO. 7634
UNITED STATES ATTORNEY
DISTRICT OF IDAHO
TRACI J. WHELAN
ASSISTANT UNITED STATES ATTORNEY
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO 83815
TELEPHONE: (208) 667-6568

LORI A. HENDRICKSON
CHRISTOPHER P. O'DONNELL
TRIAL ATTORNEYS
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
601 D STREET NW, 7TH FLOOR
WASHINGTON, D.C. 20004
TELEPHONE: (202) 514-2174

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-CR-0089 EJL |
| | ) | |
| vs. | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S REQUEST FOR |
| MICHAEL GEORGE FITZPATRICK, | ) | DISCOVERY AND BRADY |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Comes now the United States, through its attorneys, and files its Response to Defendant's Request For Discovery and Brady (Doc. No. 113). The Memorandum In Support of this Response is based on the files and records of this case. The government reserves the right to provide additional evidence at a hearing should the Court determine oral argument is necessary.

DATED this 22nd day of October, 2012.	Respectfully submitted,

WENDY J. OLSON
UNITED STATES ATTORNEY

 s/Lori A. Hendrickson
Lori A. Hendrickson
Christopher P. O'Donnell
Trial Attorneys
Department of Justice, Tax Division

<u>MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BRADY AND DISCOVERY</u>

Defendant has asked the government to provide him with several categories of information which are listed below as stated in defendant's motion (Doc. No. 113, pages 1-2):

1. The names of every witness the prosecution relies on to prove:
	A. Alleged defendant's presence within the District of Idaho;
	B. Alleged defendant is subject to the constitution and code of the plaintiff United States;
	C. A valid cause of action (violation of a legal right) has been presented to the court.
2. The name of any witnesses who are experts in the interpretation and application of the US constitution and code, the prosecution relies on.
3. Any and all evidence, known to the investigating agents proving alleged defendant was present within the District of Idaho.
4. Any facts (not allegations/opinions) alleged defendant is subject to the laws of the plaintiff United States.
6. Any evidence (not allegations/opinions) a valid cause of action has been presented to the court.[1]
7. The names of any other witnesses with personal firsthand knowledge the prosecution relies on to support any element of the alleged crime or cause of action against alleged defendant and which elements the witness is specifically relied on to testify to.
8. Evidence you have to prove the witnesses relied on have personal, first-hand knowledge of the matter(s) they are to testify to, including, but not limited to evidence the constitution and code are applicable and that I believed I was obligated to pay taxes.
10. The names of any witnesses relied on by the prosecution that have been dishonest during investigations and trials and anything relevant to guilt or punishment and is exculpatory or favorable to the defense. This includes, but is not limited to any information regarding the truthfulness, bad character and reputation of any of the prosecution's witnesses. This includes, but is not limited to all criminal records, contempt citations, incidents of violence and any history of mental illness.[2]
11. Any material including, but not limited to videos, audio recordings and written reports that may be used to impeach prosecution witnesses.

BACKGROUND REGARDING DISCOVERY

On January 19, 2012, the government filed its Response to defendant's Motion to Compel Discovery (Doc. No. 38). The government described in detail the discovery defendant had been

---

[1] Defendant's motion did not list an item 5.

[2] Defendant's motion did not list an item 9.

provided with since the indictment was returned in April, 2010 (at that time through his appointed counsel Kimberly Deater). (Doc. No. 38, pages 5-10).  This response also discussed the 1006 Notice (Doc. No. 26) and the 404B Notice (Doc. No. 29) which described the evidence the government intended to introduce at trial.

On February 27, 2012, the government provided defendant (through Ms. Deater) a compact disc containing electronic information provided to the government by prospective government witness Michael Bovee, who worked with defendant in his debt elimination business.  A five-page cover letter provided a detailed index of the information on the compact disc.

On February 29, 2012, the government filed its Supplemental Notice of Intent to Use Expert Witness (Doc. No. 41), which included twelve schedules prepared by Revenue Agent Sherman Burger to reflect gross receipts from the sale of debt elimination products deposited to bank accounts controlled by the defendant in tax years 2003 and 2004. Some of these schedules were introduced as trial exhibits through Revenue Agent Burger.

On August 24, 2012, the government filed its Draft Income Tax Computations (Doc. No. 67), which included fourteen schedules prepared by Revenue Agent Sherman Burger. Substantially similar schedules, revised to comply with trial evidence, were introduced as trial exhibits through Revenue Agent Burger.

On September 10, 2012, the first day of trial, the government provided defendant with five binders of the government's trial exhibits. The government also provided defendant with a compact disc containing memoranda of interview for trial witnesses. Since the memoranda were provided over a two-year period and the discovery in this case literally includes thousands of

pages, the government provided this compact disc to assist defendant to prepare for his cross examinations of government witnesses. A cover letter was also provided to defendant with potential impeachment material regarding some of the government's trial witnesses. Finally, a copy of Glenn Toups's trial testimony in a Florida criminal trial regarding principals of Pinnacle Quest International (PQI) was also included on the compact disc with the witness memoranda as potential impeachment material of Mr. Toups. Additionally, on each morning of trial the government provided defendant with any changes or additions to the trial exhibits and explained what had been added or changed.

## LAW

Brady v. Maryland, 373 U.S. 83 (1963), requires that exculpatory evidence be provided to the defendant. Exculpatory evidence is defined as evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial. Giglio v. United States, 405 U.S. 150 (1972), extended the Brady principles to evidence affecting government witnesses' credibility. See United States v. Bagley, 473 U.S. 667, 676 (1985).

## DISCUSSION

The government is aware of its continuing obligation to provide discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, to provide exculpatory material, to provide statements of trial witnesses, and to provide potential impeachment information of any witnesses the government intends to call at trial. As the government prepares for the second trial of defendant on counts one and two it will disclose any relevant information that has not already been provided to defendant.

From April 19, 2010 through August 17, 2012, defendant was represented by appointed counsel Kimberly Deater from the Office of the Federal Defenders for Eastern Washington and Idaho. On August 17, 2012, Judge Lodge granted defendant's request to represent himself at the trial beginning on September 10, 2012. On August 24, 2012, government counsel contacted defendant to discuss trial issues. In an email defendant replied that he was traveling to Ms. Deater's office in Spokane, Washington to meet with her and to pick up discovery.

In its initial discovery production on May 4, 2010, the government immediately began producing statements by witnesses interviewed during the criminal investigation, despite the fact that the Jencks Acts requires only that those statements be produced after direct examination. See United States v. Hanna, 55 F.3d 1456, 1459 (9th Cir. 1995). And although the Ninth Circuit has plainly held that with respect to Brady materials that are contained in Jencks Act witnesses statements, the timing of production under the Jencks Act trumps Brady (United States v. Alvarez, 358 F.3d 1194, 1211 (9th Cir. 2004) ("'When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control.'")) (citation omitted).

The government continued to provide additional statements as they were obtained, whether or not the government intended to call the individual as a witness at trial. During trial, the government provided defendant with memoranda or notes of pre-trial interviews for trial witnesses who had not previously spoken to the government. The government will continue its practice of producing witness statements as they are obtained, although this is not required by Fed. R. Crim. Proc. 16 or General Order No. 242.

The government is aware of its obligations under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and provided defendant with any relevant information, if such information existed, for all government witnesses who testified during defendant's September, 2012, trial. If any additional relevant information is found to exist for any prospective witness scheduled to testify for the second trial of counts one and two (currently set for January 8, 2013), the government will provide this information in time for defendant to use at trial.

The government understands its obligations under <u>Brady</u> and its progeny to disclose evidence favorable to the defense and material to his guilt or punishment. Moreover, the government understands its obligations under Rule 16, including the production of documents material to the preparation of the defense. Fed. R. Crim. P. 16(a)(1)(E)(i).  In providing copies of voluminous records and in making additional records available, the government has taken a much more expansive approach in providing materials to the defendant than compelled by the <u>Brady</u> line of cases, Rule 16 or General Order No. 242.

## CONCLUSION

As explained above, the government has complied with its discovery obligations and will continue to do so should new information be developed or received. Defendant's Request for Discovery and Brady should be denied in its entirety.

DATED this 22nd day of October, 2012.           Respectfully submitted,

                                                                                   WENDY J. OLSON
                                                                                   UNITED STATES ATTORNEY

                                                                                    s/Lori A. Hendrickson
                                                                                   Lori A. Hendrickson
                                                                                   Christopher P. O'Donnell
                                                                                   Trial Attorneys