UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-10-089-N-EJL |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL GEORGE FITZPATRICK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court in the above-entitled matter is the Defendant's Motion for Judgment Not Withstanding Verdict. (Dkt. 106.) The Government has responded to the Motion and the time for filing any reply brief has expired. (Dkt. 109.) Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

## DISCUSSION

The Indictment in this case charged the Defendant with four counts of tax related charges. (Dkt. 1.) Counts 1 and 2 allege Evasion of Income Tax in violation of 26 U.S.C. § 7201 and Counts 3 and 4 allege Failure to File a Corporate Income Tax Return in violation

of 26 U.S.C. § 7203. (Dkt. 1.) On September 19, 2012, a jury convicted the Defendant of Counts 3 and 4 of the Indictment and were unable to reach a verdict on Counts 1 and 2. (Dkt. 99.) The Court accepted the Jury's verdicts on Counts 3 and 4 and has set the retrial on Counts 1 and 2 to begin on January 8, 2013.

On October 2, 2012, the Defendant filed the instant Motion asking for a judgment not withstanding the verdict as to Counts 3 and 4 for which he was found guilty. (Dkt. 106.) The Defendant argues: 1) sufficient facts were not plead nor disclosed providing jurisdiction, 2) he was not presumed innocent, 3) he was denied effective voir dire, 4) he was denied effective cross-examination, 5) the Court arbitrarily denied every objection, 6) Judge Lodge refused to recuse or disqualify himself, and 7) the verdict "makes no sense" as two elements are not proven. (Dkt. 106.) The Government asserts the first six issues raised by the Defendant are not relevant to a proper Rule 29 Motion and has responded to the seventh issue maintaining the verdict is appropriate. (Dkt. 109.)

Motions for a judgment of acquittal are governed by Federal Rule of Criminal Procedure 29(c), which allows the court to set aside the verdict and enter a judgment of acquittal where after viewing the evidence in the light most favorable to the prosecution the Court finds there is insufficient evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Yossunthorn*, 167 F.3d 1267 (9th Cir. 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In his first and second issues, the Defendant is again challenging the sufficiency of

the Indictment as well as the Court's jurisdiction over this matter. The Court has previously addressed this argument in its Order Denying Motion for Discovery. (Dkt. 83.) For the same reasons articulated in that Order, the Court denies the Defendant's Motion here.

The third, fourth, fifth, and sixth issues are objections to the procedures used at trial for voir dire, cross-examination, and objections. These are not matters properly raised under Rule 29 asking for a new judgment as they do not argue the evidence is insufficient to have found the defendant guilty. Instead, these arguments allege error at trial which are issues that may be raised on appeal. The Court denies the instant Motion as to these arguments.

As to the Defendant's final contention he argues the two statutory violations are interconnected, being the obligation to pay taxes and file returns, and, therefore, if the jury was not convinced that he believed there was an obligation to pay taxes they could not have properly found that he thought there was an obligation to file a tax return. Further, the Defendant argues the Government did not present any facts proving that the tax code was applicable to him or that he believed there was a legitimate obligation to pay taxes and file tax returns. In sum, he asserts the Government failed to prove willfulness. In response, the Government argues the element of willfulness is the only common element between the two sections, § 7201 and § 7203, and the jury's verdict is entirely logical given the counts target two distinct acts. (Dkt. 109 at 5.)

Counts 3 and 4 allege violations of 26 U.S.C. § 7203. The elements required for those charges are proof that the Defendant: 1) was required to file a tax return, 2) failed to filed a tax return, and 3) such failure was willful. *See United States v. Vroman*, 975 F.2d 669, 670-71 (9th Cir. 1992). In contrast, the elements for Counts 1 and 2 alleging violations of 26 U.S.C. § 7201 are "(1) the existence of a tax deficiency; (2) willfulness; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Wood*, 943 F.2d 1048, 1050 (9th Cir. 1991). These statutes present different elements that had to be proven at trial. There is no inconsistency in the Jury's verdict.

The Court denies the Defendant's argument that there is insufficient evidence to support the Jury's finding of willfulness because there was no evidence shown that the tax code applied to him or that he "believed there was a legitimate obligation to pay taxes and file returns." (Dkt. 106 at 4.) "'Willfulness' in the context of criminal tax cases is defined as a 'voluntary, intentional violation of a known legal duty.'" *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992) (quoting *Cheek v. United States*, 498 U.S. 192, 196 (1991)). "[T]he government may prove willful conduct by establishing either: (1) that the defendant acted with a bad purpose or evil motive, or (2) that the defendant voluntarily, intentionally violated a known legal duty." *Id.* at 1211. "Willfulness may be inferred from all the facts and circumstances of a defendant's conduct." *Marchini*, 797 F.2d at 766; accord *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) (willfulness may be inferred from evidence of consistent pattern of failing to report large amounts of income).

On this Motion question is "whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Defendant's argument is that there was no evidence offered to show that he knew of any statute that made him liable for income tax or imposed a duty to file a tax return.

At trial, the Government offered evidence that the Defendant made substantial deposits into his bank accounts and moved large sums of money generated from this businesses to offshore accounts to prevent the IRS from assessing or collecting income taxes. In addition, the Government presented evidence of large expenditures of money, both on personal expenses and gambling, by the Defendant during the relevant tax years when no tax returns were filed and no taxes were paid. Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found beyond a reasonable doubt that the Defendant's actions in this case as to Counts 3 and 4 were willful. Accordingly, the Motion is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion (Dkt. 106) is **DENIED**.

DATED: **October 29, 2012**

Honorable Edward J. Lodge
U. S. District Judge