# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> MICHAEL GEORGE FITZPATRICK, <br><br> Defendant. | CASE NO. CR 10-89-N-LAB <br><br> **ORDER DENYING POST-TRIAL MOTIONS** <br><br> [Doc. Nos. 164, 165 and 167] |

Convicted defendant Michael Fitzpatrick recently filed three new motions with the Court. Mr. Fitzpatrick continues to represent himself in this case, and many of his filings repetitively request relief that has previously been denied or that the Court has no authority to grant.

In the first motion [Doc. 164], filed January 24, 2013, Mr. Fitzpatrick requests transcripts of his recently completed trial. Mr. Fitzpatrick may be entitled to have the government supply him with transcripts of his trial if he is indigent, but there has been no finding to the Court's knowledge that he is indigent. If Mr. Fitzpatrick wants the Court to make a determination of whether he qualifies as "indigent," he must submit a financial affidavit, signed under penalty of perjury, for the Court to evaluate.

The Court notes that Mr. Fitzpatrick previously obtained a transcript of his first trial, which had resulted in a hung jury. The witnesses and issues at his retrial were practically

1  identical to those in his first trial. While the defendant may be entitled to transcripts of the
2  retrial in the eventual event of an appeal, the Court sees no reason to order production of
3  transcripts at this time. The defendant's motion for immediate production of trial transcripts
4  is **DENIED.**

5  Mr. Fitzpatrick also grouses about the quality of the food he is being served while in
6  custody, and requests that the Court provide him with a particular dietary supplement. He
7  also requests that the Court "send $50.00 per week for phone cards, letters, toiletries, [and]
8  food items." Finally, he makes reference to apparent financial accounts he maintains on
9  what he calls the"private side," and asks this Court to appoint Judge Lodge as a trustee to
10 oversee his access to the accounts.

11 Each of these requests is **DENIED**. The defendant offers no evidence that the food
12 he is receiving in jail is inedible, or that jail officials are or have been deliberately indifferent
13 to any special dietary or medical conditions he may have. The Court has no authority to
14 provide the defendant with funds for phone calls or to purchase sundries. Judge Lodge is
15 not authorized or willing or available to act on the defendant's behalf in any capacity.

16 Mr. Fitpatrick filed a second motion [Doc. 165] on January 28, 2013.  In this motion,
17 he insists that he be referred to as "Michael" and not as "Mr. Fitzpatrick." As the Court
18 explained to the defendant during the motion in limine stage prior to trial, respect for the
19 solemnity of the legal process has given rise to the convention of referring to parties and
20 witnesses by their surnames and not by their first names during court proceedings and in
21 court documents. The Court will continue to adhere to this convention.

22 The defendant also requests "a full accounting of the 'record' of his case as the judge
23 sees it." The request is premature. At Mr. Fitzpatrick's sentencing, the Court is required to
24 analyze his case in light of the Sentencing Guidelines and other factors listed under
25 18 U.S.C. § 3553, and to state its findings for the record. The Court will offer its views of the
26 case on the record when it sentences Mr. Fitzpatrick.

27 Mr. Fizpatrick also seeks dismissal of the charges or a new trial under Rule 29 of the
28 Federal Rules of Criminal Procedure. In considering a post trial motion under Rule 29, the

Court must view the record in the light most favorable to the jury's verdict and embrace factual inferences in support of the verdict. With that standard in mind, the defendant's Rule 29 motion is **DENIED**. The evidence at trial established that the defendant owed taxes during both calendar years 2003 and 2004, that he took deliberate actions to evade paying the taxes he owed, and that he acted willfully.

The defendant renews his request for this Court to recuse. The bases for this request appears to be that the Court made certain adverse legal rulings concerning the scope of the evidence and questioning that would be permitted at trial. The defendant maintains the rulings evinced the Court's "bias and prejudice" against him. Legal rulings made by a court during litigation do not form a basis for recusal. The Court has nonetheless reconsidered the rulings that the defendant complains about and confirms the correctness of those rulings. The defendant's apparent aim was to use his criminal trial as a forum to protest the tax laws of the United States. Many of the issues that he sought to raise and the arguments he sought to present concerned subjects that were either legally irrelevant (such as whether there are various definitions of the "United States"), legally unchallengeable (such as whether sufficient evidence supported the indictment), or just plain silly (such as whether the indictment properly named him because his name was listed in all capital letters). No objective person would infer that the Court was either biased or prejudiced against the defendant because it foreclosed these issues and arguments.  Moreover, at all times throughout these proceedings, the Court has endeavored to treat Mr. Fitzpatrick with dignity and civility. Despite the Court's rulings in opposition to some of his legal arguments, there is no legitimate basis for the accusation that the Court should be disqualified, or that the result of his jury trial was unfair. The motion for the Court to recuse is **DENIED**.  The Court has now ruled on this particular motion three times and, absent a showing by the defendant of new and substantial grounds in support of the motion, the Court will not entertain it again.

The defendant's January 28th motion also rehearses a variety of other complaints about the legal process. Without discussing his complaints individually, suffice it to say that the Court has reviewed all of them, and has found the complaints to be either insubstantial

or unfounded. Defendant's request for relief because of alleged discovery violations, alleged witness perjury, alleged defects in the indictment, alleged lack of jurisdiction, as well as his sundry other jeremiads are all **DENIED***.*

The third motion [Doc. 167] filed by the defendant on January 29, 2013 calls on the Court and the prosecutor "to show both personal and subject matter jurisdiction" over him. As the Court explained to the defendant during the motions in limine hearing, the indictment in this case established the Court's subject matter jurisdiction, and personal jurisdiction over the defendant existed once he appeared in court to answer to the indictment. In all respects, this motion is merely a reiteration of the defendant's persistent theme that the United States has no right to assess taxes against him, nor any right to prosecute him if he wilfully evades paying the taxes that he owes. These arguments — this defense — were put before a jury of the defendant's fellow citizens and rejected.  The motion is **DENIED**.

The Court has attempted to rule on all of the motions the defendant has filed, but cannot and will not continue to reconsider issues that have previously been decided. Defendant Ftizpatrick is admonished to refrain from filing repetitive motions or attempting to reargue issues and points of law upon which the Court has ruled.

**IT IS SO ORDERED.**

DATED: January 31, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge